IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



J.D. FIELDS & COMPANY, INC., )
 )
    Plaintiff, ) No. 05 C 3490
 )
v. )
 )
 ) Magistrate Judge
LIENGUARD, INC., ) Arlander Keys
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

J.D. Fields supplied "sheet pilings" to NEPCO Construction Company in connection with a power plant construction project NEPCO was working on in Arkansas. Sheet pilings are interlocking steel strips that can be driven into the ground with other construction equipment to form a structure that will hold out earth and water so that construction activities can be conducted within the walls of the structure formed by the pilings. Fields leased the pilings to NEPCO, and NEPCO returned the pilings at the end of the lease term. But Fields claimed that the pilings had been damaged, and that NEPCO failed to pay all that it owed under the lease agreement.

Fields turned to Lienguard, Inc., a commercial lien filing service, to help it get a lien against the power plant property because of the damaged pilings and the money owed on the lease. According to Fields, Lienguard failed to comply with all technical requirements of Arkansas' lien statute, thereby

compromising its position vis á vis NEPCO.

On June 14, 2005, Fields sued Lienguard for negligence and breach of contract. The parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on December 12, 2005. The case is now before the Court on Lienguard's motion to dismiss Fields' complaint.

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Pelfresne v. Stephens*, 35 F.Supp. 2d 1064, 1069 (N.D. Ill. 1999)(citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). In ruling on a motion to dismiss, the Court construes the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Poole v. Bach*, No. 99 C 7624, 2000 WL 419991, at *1 (N.D. Ill. Apr. 14, 2000)(citing *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

Fields' complaint alleges that, under Arkansas' lien statute, Fields was entitled to a lien against the Arkansas power plant property based upon the fact that NEPCO damaged the leased sheet pilings and failed to pay $139,209.00 that remained due under the lease between NEPCO and Fields. The complaint further alleges that Fields contracted with Lienguard to file a lien on that property in exchange for a fee, and that Lienguard, in attempting to fulfill its obligations under that contract, failed to comply with Arkansas law, thereby rendering Fields' lien defective. Specifically, Fields' complaint alleges that Lienguard failed to comply with §18-44-114 of the Arkansas Code, which requires that ten days' notice be given to the property owner before a lien is filed. According to the complaint, Lienguard gave notice of Fields' claim to the property owner on January 22, 2002, but filed the lien on January 28, 2002, just six days later.

At least at this juncture, Lienguard is not disputing that it failed to comply with the notice provision in Arkansas' lien statute. But it argues that Fields' complaint should nonetheless be dismissed because, even if it had complied with the technical requirements of the statute, Fields still could not have obtained a valid lien; in other words - no harm, no foul. To be specific, Lienguard argues that §18-44-101 of the Arkansas Code provides that a material supplier may not obtain a lien when the material

3

supplied is merely personal property that is not incorporated into the improvements on real property. And, here, Lienguard argues, that is precisely the case: the sheet pilings that Fields leased to NEPCO were not incorporated into the improvements on the property; they were merely used for a time during the construction process and were then returned. Thus, Lienguard argues, Fields could not have obtained a valid lien even if Lienguard had not botched the notice issue, and, given that, Fields' claims here against Lienguard must fail.[1]

To resolve the motion, the Court turns to the Arkansas Code. Section 18-44-101 of the Code provides that:

> [e]very contractor, subcontractor, or material supplier as defined in 18-44-107 who supplies labor, services, material, fixtures, engines, boilers, or machinery in the construction or repair of an improvement to real estate, . . . by virtue of a contract with the owner, proprietor, contractor, or subcontractor, or agent thereof, upon complying with the provisions of this subchapter, shall have, to secure payment, a lien upon the improvement and on up to one (1) acre of land upon which the improvement is situated, or to the extent of any number of acres of land upon which work has been done or improvements erected or repaired.

Ark. Code Ann. §18-44-101 (2005). The Supreme Court of Arkansas has instructed that the statute is to be construed strictly – meaning narrowly – so that "nothing [is] taken as intended that is not clearly expressed." *Simmons First Bank of Arkansas v. Bob*

---

[1] Although Lienguard does not say so, the basis of the motion is presumably that, if Fields could not have gotten a lien anyway, it would not be able to prove that it suffered damages as a result of Lienguard's conduct, and therefore could not sustain a claim of either negligence or breach of contract.

4

*Callahan Services, Inc.*, 340 Ark. 692, 696, 13 S.E.3d 570, 573 (Ark. 2000).

On its face, §18-44-101 would appear to entitle Fields to a lien: according to the allegations of the complaint, Fields was a material supplier who supplied material (namely, sheet pilings) in the construction of an improvement to real estate. Lienguard has cited *Meek v. Parker*, 38 S.W. 900, 901 (Ark. 1897), for the proposition that a lien is not available when the materials provided consist merely of personal property that is not physically incorporated into the improvement. There are two problems with this argument. First, *Meek* was decided under an old version of the lien statute – indeed, it was decided almost a century before the version quoted above was written. And, more importantly, there is nothing in the current version to suggest this limitation. Thus, given the Arkansas Supreme Court's directive that the lien statute is to be strictly construed, the Court is unwilling to read the limitation urged by Lienguard into the statute.

Beyond this, in an action filed by Fields to enforce the very lien Lienguard allegedly botched, the United States District Court in Arkansas determined that Fields *could* obtain a lien under §18-44-101 under the circumstances presented. *See J.D. Fields & Company, Inc. v. National Energy Production Corporation*, No. 02-CV-1060 (W. D. Ark. Memorandum Opinion issued

Sept. 9, 2002)(attached as Exhibit F to Fields' Memorandum in Opposition to Motion to Dismiss). Lienguard argues that the Arkansas district court was presented with a very different issue than is presented here – namely, Lienguard argues, that court was asked to decide whether Fields could "proceed with litigation to recover damages to its equipment from the party that received the benefit of using that equipment," whereas this Court must decide whether to allow Fields "to sue the filer of the lien based upon an alleged failure to adhere to a technical notice requirement, when Fields did not have a valid basis for the lien in the first place." See Reply in Support of Defendant's Motion to Dismiss, p. 2. But these speak more to the ultimate issues to be decided in the respective cases. The issue to be resolved at this juncture, given the way Lienguard framed its motion to dismiss, is whether Fields had the right, under Arkansas' lien statute, to obtain a valid lien against NEPCO based upon the damages caused to the sheet pilings that Fields leased to NEPCO for use in the construction project at the Union County, Arkansas site. And this is precisely the issue that the Arkansas district court decided on NEPCO's motion to dismiss. Thus the issues are the same.[2] And, although that decision is not binding on this

---

[2] The fact that the issues are the same does not, however, mean that the earlier decision has preclusive effect here. For collateral estoppel to apply, Fields would have to show, not only that the issues are identical, but that there was a final judgment on the merits in the earlier proceeding, and that Lienguard is either a party to, or in privity with a party to, the earlier proceeding. See, e.g., Borkaw v.

6

Court, the earlier ruling does serve to buttress the Court's decision today that dismissal is not appropriate.

## Conclusion

Given the plain language of Arkansas' lien statute, and given the facts alleged in the complaint, the Court is not persuaded that Fields will not be able to prove that it sustained damages as a result of Lienguard's conduct. Accordingly, the Court denies Lienguard's motion to dismiss [#11].

Dated: February 2, 2006

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

---

*Weaver*, 305 F.3d 660, 669 (7th Cir. 2002). Even assuming that Fields could satisfy the "final judgment" element (which actually does not appear to be the case – it cannot satisfy the "party or privity" element. Although "[s]trict identity of the parties is not necessary to achieve privity [,] ... the parties must be 'so closely aligned that they represent the same legal interest.'" *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995)(quoting *Kunzelman v. Thompson*, 799 F.2d 1172, 1178 (7th Cir. 1986)). That is simply not true here; Lienguard was not in any way involved in the Arkansas district court case, and its interests in defending against the negligence and breach of contract claim are, at best, only tangentially linked to NEPCO's interest in defending against the action to enforce the lien. Certainly, the interests are not so closely aligned that the offensive use of collateral estoppel here would satisfy due process concerns.

7